UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHERRY SORRELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-205-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. ELLIOTT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case arises out of a motor vehicle accident between Plaintiff Sherry Sorrels and Defendant Samuel Elliott. Sorrells alleges that Elliott's negligence caused her injuries. [Record No. 1, Ex. 1] Sorrells also seeks to recover from Esurance Insurance Company (hereafter, "Esurance") under her policy of insurance with that company. Esurance has moved for summary judgment on Sorrells' claim, arguing that Sorrells is not entitled to recover under the policy. [Record No. 8] As explained below, Esurance's motion is premature and will be denied.

**I.**

Sorrells is a resident of Indiana while Elliott resides in Ohio. [Record No. 1, Ex. 1] On May 24, 2014, Sorrells was involved in a motor vehicle accident in Kentucky. At the time of the accident, Elliott was insured by Progressive Direct Insurance Company (hereafter, "Progressive"). This policy with Progressive provides bodily injury liability coverage of $100,000 per person. [Record No. 9]. Sorrells was covered under an uninsured/underinsured motorist ("UIM") policy with Esurance issued in Indiana. [Record No. 8, Ex. 3] Under this

-1-

policy, Sorrells may recover up to $50,000 for injuries caused by an underinsured motor vehicle. [*Id.*]

The policy defines an underinsured motor vehicle as:

A land motor vehicle or trailer of any type for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is either:

1. Less than the limit of liability for this coverage; or

2. Reduced by payments to persons, other than "insureds", insured in the accident to less than the limit of liability for this coverage.

[*Id.*] The policy also contains a set-off for vehicles that qualify as an underinsured motor vehicle. Under this provision, Esurance's "limit of liability shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." [*Id.*]

**II.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). However, once the moving party has met its burden of production, "its opponent must do more

than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence of a genuine dispute . . . to defeat the motion for summary judgment." *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings. It must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Esurance has moved for summary judgment, arguing that Sorrells is not entitled to recover under her UIM policy because application of the policy's set-off provision reduces her recovery to zero. [Record No. 8] Whether this set-off is applicable depends on which state's law is controlling. While the provision is enforceable in Indiana, it is unenforceable in Kentucky. As expected, Sorrells argues that Kentucky law should be applied while Esurance argues that Indiana law is controlling.

### III.

Courts conduct a choice of laws analysis when there is a conflict between two states' laws. *See Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 668 (E.D. Ky. 2010). In this case, the conflict between the states' laws is the enforceability of Esurance's set-off provision. Under Indiana law, an insurer is permitted to include a "set-off" which allows its liability under an underinsured motorist policy to be reduced by any amount that the insured has been paid by or on behalf of the tortfeasor. Ind. Code. § 27-7-5-5(c). But in Kentucky, this provision is unenforceable. Kentucky law provides that no payment "reduces or affects

the total amount of underinsured motorist coverage available to the party." KRS § 304.39-320(5).

Under the Erie doctrine, an action that is subject to a federal court's diversity jurisdiction is governed by "the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007). When choice of law is at issue, "[a] federal court exercising diversity jurisdiction applies the choice of law rules of the state in which it sits." *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013) (citation omitted). As a result, Kentucky's choice of law rules is applicable here.

In Kentucky, the court applies the law of the state that "has the most significant relationship to the transaction and to the parties." *Lewis v. American Family Ins. Group*, 555 S.W.2d 579, 581 (Ky. 1977); *see also Saleba v. Schrand*, 300 S.W.3d 177, 180-81 (Ky. 2009). When applying this test in an action in which the terms of an insurance contract is disputed, "Kentucky courts have recognized that in most cases the law of the residence of the named insured will determine the scope of the coverage." *Poore v. Nationwide Mut. Ins. Co.*, 208 S.W.3d 269, 270 (Ky. Ct. App. 2006).

There are several cases addressing circumstances similar to those presented here. In each case, the court concluded that Indiana law was controlling. For example, in *Lewis* the court applied Indiana law because the contract was between Indiana parties and concerned automobiles which were licensed and garaged in Indiana. *Lewis*, 555 S.W.2d at 582. In fact, even in cases in which the tortfeasor was a Kentucky resident, the court nonetheless reasoned that Indiana had the most significant relationship to the transaction and case. The courts reasoned that Kentucky did not have the most significant relationship because it did not have

a sufficient interest in applying its laws to a case brought by an Indiana resident on the basis of a contract entered into in Indiana. *See, e.g.*, *Bonnlander v. Leader Nat'l Ins. Co.*, 949 S.W.2d 618 (Ky. App. 1996); *Snodgrass v. State Farm Mut. Auto Ins. Co.*, 992 S.W.2d 855 (Ky. App. 1998).

Indiana law applies here because Indiana has the most significant relationship with the transaction and the claimant. Sorrells is a resident of Indiana, and the insurance policy was issued in Indiana. The only connection with Kentucky is the location of the accident. And because the alleged tortfeasor is not a resident of Kentucky, Kentucky has even less of an interest in applying its laws in this case than it did in *Bonnlander* and *Snodgrass*.

**IV.**

Esurance argues that Sorrells may not recover under the UIM policy because the policy allows Esurance to reduce its limit of liability by the amount Sorrells receives from or on behalf of Elliott. Therefore, Esurance contends that it is permitted to reduce its liability under the UIM policy by the amount of the liability limit of Elliott's coverage (*i.e.*, $100,000 per person). This would reduce its liability to zero. However, under the language of the policy and the relevant Indiana statute, the policy's set-off is applied based on *payments* that the insured has received rather than the tortfeasor's liability limits.

Insurers are authorized to include set-off provisions within their UIM policies pursuant to Ind .Code § 27-7-5-5(c). The statute provides that "[t]he maximum amount payable for bodily injury under . . . underinsured motorist coverage" is the lesser of (1) the difference between the amount that the insured received from or on behalf of the tortfeasor and (2) the difference between "[t]he total amount of damages incurred by the insured" and the amount the insured received from or on behalf of the tortfeasor. Ind. Code § 27-7-5-5(c).

In Indiana, "[i]nsurance companies are free to limit their liability, so long as they do so in a manner consistent with public policy as reflected by case or statutory law." *Gheae v. Founders Inc. Co.*, 854 N.E.2d 419, 423 (Ind. Ct. App. 2006). In *Kinslow v. GEICO Ins. Co.*, 858 N.E.2d 109 (Ind. Ct. App. 2006), the court held that Ind. Code § 27-7-5-5(c) permitted the insurer to reduce its limit of liability by the amount the insured received from the tortfeasor. There, the insurer's UIM policy contained a set-off provision providing that "[a]ny amounts otherwise payable for damages under this coverage shall be reduced by [a]ll sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." *Id*. at 111. The court applied Ind. Code § 27-7-5-5(c) to reduce the insurer's liability limit by the amount that the insured had been paid, which reduced the limit to zero. *Id*. at 114. Accordingly, the plaintiff was not entitled to recover under the UIM policy. The court held that, "[t]o allow [the plaintiff] to recover anything under [the UIM policy] would contravene clear and unambiguous statutory language." *Id*.; *see also Grain Dealers Mut. Ins. Co. v. Wuethrich*, 716 N.E.2d 596, 599 (Ind. Ct. App. 1999) (holding that Ind. Code § 27-7-5-5(c) requires set-off for all amount that the insured received from any tortfeasor).

Under Indiana law, the set-off provision in Esurance's UIM policy is enforceable. Like the set-off provision in *Kinslow*, Sorrell's UIM policy allows Esurance to reduce its limit of liability under the policy "by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." [Record No. 8, Ex. 3] However, neither Indiana law nor Esurance's UIM policy permits Esurance to set-off its liability limit based on Elliott's limit of liability under his policy. The relevant policy provision does not mention reducing the insurer's liability based on the tortfeasor's liability insurance limits. Instead the policy language references *payments* that the insured has received. [Record No. 8,

Ex. 3] Likewise, the statutory set-off applies to "the amount paid in damages to the insured. . . ." Ind. Code § 27-7-5-5(c). Esurance has not cited -- and the Court has not found -- any authority that would allow Esurance to set off its liability against the liability limit of Elliott's policy. Accordingly, Esurance cannot limit its liability under the Plaintiff's UIM policy unless and until Sorrells receives payment from or on behalf of Elliott.

Esurance's argument that it is not obligated under the UIM policy because Elliott is not an underinsured motorist under Indiana law is also premature. Indiana law defines an underinsured motor vehicle as one for which "the limits of coverage available for payment to the insured under all bodily injury liability policies covering persons liable to the insured are less than the limits for the insured's underinsured motorist coverage at the time of the accident . . . ." Ind. Code § 27-7-5-4(b). However, Indiana courts have held that "the proper comparison in determining whether the tortfeasor's vehicle was underinsured [is] a comparison of what the claimant actually received and the UIM policy limit." *Lakes v. Grange Mut. Cas. Co.*, 964 N.E.2d 796 (Ind. 2012) (holding that the tortfeasor's vehicle was underinsured, even though its liability limits exceeded those of the insured's UIM policy, because the amount that the insured received from the tortfeasor's insurance was less than the UIM policy limit); *see also Corr v. Am. Family Ins.*, 767 N.E.2d 535, 540 (Ind. 2002). Therefore, the determination of whether the tortfeasor is an underinsured motorist must also be made after Sorrells has received payment.

**V.**

Ultimately, Esurance may not be liable to Sorrells. However, its liability cannot be determined at this time. Accordingly, it is hereby

**ORDERED** that Esurance's Motion for Summary Judgment [Record No. 8] is **DENIED**.

This 16th day of September, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge