UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHERRY SORRELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-205-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. ELLIOTT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Esurance Insurance Company's ("Esurance") motion to reconsider the Court's ruling denying its motion for summary judgment. [Record No. 27] Esurance contends that the Court should have granted summary judgment because the Indiana statutory scheme compels a conclusion that it is entitled to a set-off on the plaintiff's underinsured motorist coverage. Specifically, the defendant asserts that a set-off should be calculated by conducting a limits-to-limits comparison and that such a calculation would reduce its liability to zero.

Esurance takes issue with this Court's application of Indiana's set-off provision, which is included within the statutory scheme pertaining to underinsured motorist coverage. This provision permits an insurer to reduce a plaintiff's recovery under his or her underinsured motorist coverage by any amount that he or she receives from or on behalf of an alleged tortfeasor. Ind. Code § 27-7-5-5(c). Specifically, the statute provides for a maximum amount payable on an underinsured motorist policy as the lesser of:

(1) the difference between:

-1-

> (A) the amount paid in damages to the insured by or for any person or organization who may be liable for the insured's bodily injury; and
>
> (B) the per person limit of uninsured or underinsured motorist coverage provided in the insured's policy; or
>
> (2) the difference between:
>
> (A) the total amount of damages incurred by the insured; and
>
> (B) the amount paid by or for any person or organization liable for the insured's bodily injury.

*Id*.

This language does not call for a comparison of the limits of the alleged tortfeasor's liability coverage with the limits of the underinsured motorist coverage. Instead, it speaks in terms of "the amount paid in damages," "the total amount of damages incurred," and "the amount paid by or for" the alleged tortfeasor. *Id*. Accordingly, the set-off provision may not be applied unless and until the amount of damages and amount paid by the alleged tortfeasor had been established. As those amounts have yet to be determined, the set-off provision cannot be applied at this stage of the proceedings.

Contrary to the statute's language, Esurance argues that the amount of a set-off is not determined according to the amount of the plaintiff's damages or the amount that he or she receives from the alleged tortfeasor. It instead asserts that the amount is determined by a comparison of the alleged tortfeasor's and the plaintiff's policy limits. This is based on Esurance's conclusion that the "more precise formulary for determining when and how setoffs are to apply is the statutory definition of what constitutes an underinsured motor vehicle." [Record No. 27, p. 2]

Esuarnce contends that, because the statutory definition of an underinsured motor vehicle is based on "the limits of coverage available for payment to the insureds under all bodily injury liability policies" and "the limits for the insured's underinsured motorist coverage," it is entitled to a set-off in the amount of the alleged tortfeasor's limit on his liability coverage.  *See* Ind. Code § 27-7-5-4(b).  And because the limit on the alleged tortfeasor's liability coverage is greater than the limit on the plaintiff's underinsured motorist coverage, the set-off would reduce Esurance's liability to zero, entitling it to summary judgment.

Esurance provides no authority for its conclusion that the calculation of a set-off must be based on the limits-to-limits language in the statutory definition of an underinsured motor vehicle rather than the set-off provision's own language referencing the amount paid and the amount of damages.  Instead, it quotes from a case in which the court stated that the set-off provision "does not provide a set formula for calculating setoffs in all cases, but it does establish maximum and minimum parameters for the amount of recovery a plaintiff is entitled to as a result of a UM or UIM claim." *Kinslow v. GEICO Ins. Co.*, 858 N.E.2d 109, 114 (Ind. Ct. App. 2006).  The set-off provision does establish "maximum and minimum parameters for the amount of recovery that a plaintiff is entitled to [receive]" under her underinsured motorist coverage, and the provision itself establishes the terms of those parameters (i.e., a calculation based on the amount of damages and/or the amount that has been paid to the plaintiff).  *See* Ind. Code § 27-7-5-5(c).  The court's discussion in *Kinslow* does not mention a limits-to-limits comparison, much less establish that this comparison is the appropriate means of calculating a set-off.  Thus, it does not alter this Court's conclusion that the set-off provision should be

applied pursuant to its terms, necessitating the calculation of set-offs based on the amount of damages and/or the amount paid to the plaintiff.[1]

The remaining cases that Esurance cites address the question of whether an alleged tortfeasor's vehicle qualifies as an underinsured motor vehicle.[2]  In Esurance's motion for summary judgment, it did not argue that Defendant Elliott's vehicle was an underinsured motor vehicle under Indiana law.  [Record No. 8]  Instead, it argued only that a limits-to-limits comparison entitled it to a set-off.  [*Id*.]   Similarly, in its present motion, Esurance contends only that it is entitled to a set-off.   And it reiterates its unsupported argument that set-offs are calculated on the basis of the definition of an underinsured motor vehicle.  Esurance does not argue that Elliiott's vehicle is an underinsured motor vehicle.  Indeed, it cannot make this assertion since the Court cannot "reconsider" an argument that was not made previously.

The remaining cases that deal with the definition of an underinsured motor vehicle are inapposite to Esurance's motion.  While the courts did employ a limits-to-limits comparison, they did so to determine whether the vehicles in question were underinsured motor vehicles, which is the calculation that the Indiana statute requires.  *See* Ind. Code § 27-7-5-4(b).

---

[1] In *Kinslow* the court not only did not discuss a limits-to-limits comparison for a set-off.  Instead, it calculated the insurer's set-off pursuant to the terms of the Indiana set-off provision.  The court discussed the "total damages" to the plaintiffs, the "payment by" the tortfeasor, and the limits of the plaintiffs' uninsured motorist coverage, and used these amounts to determine the appropriate set-off.  This further supports the conclusion that Indiana law requires that set-offs be calculated on the basis of information that is not yet available—the amount of damages and the amount paid to the plaintiff.

[2] *See Lakes v. Grange Mut. Cas. Co.*, 964 N.E.2d 796 (Ind. 2012) ("The central issue in this case is whether the tortfeasor's vehicle was an underinsured motor vehicle"); *Corr v. American Family Ins.*, 767 N.E.2d 535 (Ind. 2007) (establishing "the appropriate limits to compare to determine if a vehicle is underinsured"); *State Farm Mut. Aut. Ins. Co. v. Conway*, 779 F. Supp. 963, 964 (S.D. Ind. 1991) (noting that the alleged tortfeasor's "automobile was not an 'underinsured motor vehicle'").

-5-

Similarly, where courts are calculating a set-off, they do so pursuant to the terms of the set-off provision they are applying.  *See* Ind. Code § 27-7-5-4(b); *Kinslow*, 858 N.E. 2d at 114.

In summary, Esurance has failed to persuade the Court that a set-off should be calculated in a manner different from that provided in Indiana's set-off provision.  Esurance does not cite a case in which an Indiana court applied the limits-to-limits comparison language of the statutory definition of an underinsured motor vehicle, Ind. Code § 27-7-5-4(b), to calculate an insurer's set-off under Ind. Code § 27-7-5-5(c).  This is not surprising, since this approach would contradict the plain language of Ind. Code § 27-7-5-5(c).  Accordingly, it is hereby

**ORDERED** that Esurance's motion to reconsider [Record No. 27] is hereby **DENIED**.

This 18th day of October, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge