UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHERRY SORRELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-205-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. ELLIOTT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Esurance Insurance Company's ("Esurance") Renewed Motion for Summary Judgment. [Record No. 32] This case arises out of a motor vehicle accident in which Plaintiff Sherry Sorrels alleges that she sustained injuries as a result of Defendant Samuel A. Elliott's negligence. Esurance is named as a Defendant in this action because Sorrels has an underinsured motorist policy with the company on which she seeks to recover for her injuries. Esurance has filed a renewed motion for summary judgment, arguing that Defendant Elliott's vehicle is not underinsured under Indiana law. For the reasons outlined below, Esurance's motion will be denied.

**I.**

On May 24, 2014, Sorrels was involved in a motor vehicle accident that she alleges was caused by Elliott's negligence. Elliott has an insurance policy that provides bodily injury liability coverage with a limit of $100,000 per person. [Record No. 9] Sorrels has an Underinsured Motorist (UIM) policy with Esurance that has a liability limit of $50,000.

[Record No. 8, Ex. 3]  Under this policy, Sorrels is only eligible for coverage if Elliott's vehicle qualifies as an "underinsured motor vehicle."

Esurance has already filed one motion for summary judgment [Record No. 8] in which it argued that Sorrels is not entitled to coverage under the UIM policy because application of an Indiana set-off provision reduced its liability on the policy to zero.  Specifically, Esurance argued that this statute required reducing the $50,000 liability limit on the UIM policy by the $100,000 liability limit on Elliott's liability policy.  However, the statutory language does not mention liability limits but, instead, limits set-offs to the total amount paid by or on behalf of the Defendant.  Because the amount of damages had not yet been determined and Sorrels had not received any payment from Elliott, it cannot apply the statutory set-off.  Thus, the Court denied Esurance's earlier motion as premature.  [Record No. 21]

Unwilling to accept the Court's determination, Esurance then filed a motion requesting reconsideration of the decision regarding summary judgment.  [Record No. 27]  Esurance contended that the statutory definition of an underinsured motor vehicle, provided in Indiana Code § 27-7-5-4(b), should provide the formula for calculating a set-off under the Indiana set-off statute.  However, Esurance did not cite to a case in which a court calculated a set-off in any manner other than that provided by the statute itself, much less in accordance with the statutory definition of an underinsured motor vehicle.  Thus, the undersigned declined to alter the earlier decision.  [Record No. 28]

## II.

As explained earlier, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III

Perhaps it should come as no surprise that Esurance has filed a renewed motion for summary judgment [Record No. 32], once again arguing that Sorrels is not entitled to recover under her UIM policy. The company asserts that Elliott's vehicle does not qualify as an "underinsured motor vehicle" under Indiana law. Specifically, it contends that the relevant statute requires a limits-to-limits comparison under which a tortfeasor's vehicle is not underinsured if the limits on his liability policy are not less than the limits on the victim/insured's UIM policy. Here, the bodily injury liability limit on Elliott's policy is $100,000 per person and Sorrels's UIM liability limit is $50,000 per person. Because $100,000 is not less than $50,000, Esurance argues that Elliott's vehicle is not an underinsured motor vehicle and Sorrels is not entitled to UIM coverage. However, according to decisions interpreting this statute from Indiana's highest court, the UIM policy limit should not be compared with the tortfeasor's liability limit but should instead be compared with information that is not yet available in this case—the amount of any payments that the insured has received. Accordingly, the renewed motion for summary judgment will be denied.

In this diversity case, for the reasons stated in this Court's decision on the first motion for summary judgment, Indiana's substantive state law applies. This Court must then apply that law "in accordance with the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent-A-Car Systems, Inc.*, 249 F.3d 450, 454 (6th Cir. 2001) (citations omitted). Where the state's highest court has not addressed a particular issue, federal courts must "anticipate how the relevant state's highest court would rule in the case," based on the controlling decisions of that court. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). Further, in predicting how a state's court would rule, "federal courts sitting in diversity cases should be extremely cautious about adopting substantive innovation in state law." *State Auto Prop. and Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 195 (6th Cir. 2015) (internal quotation marks and citation omitted).

In this case, the issue is whether Indiana law permits a court to conclude that an individual's vehicle is underinsured based on a comparison of the liability limits of the parties' policies, before liability has been determined, damages have been established, or the insured has received payment from the alleged tortfeasor (or on his behalf). Indiana law provides that an alleged tortfeasor's vehicle is only subject to the terms of underinsured motorist coverage if the vehicle qualifies as underinsured. Ind. Code § 27-7-5-4(b). An underinsured motor vehicle is "an insured motor vehicle where the limits of coverage available for payment to the insured under all bodily injury liability policies covering persons liable to the insured are less than the limits for the insured's underinsured motorist coverage at the time of the accident . . . ." *Id*. Under the facts of this case, the more specific issue is whether the liability limits of an alleged tortfeasor's liability policy are amounts "available for payment to the insured" that

may be compared with the insured's UIM limits, or whether "available" amounts are limited to payments that the insured has received from or on behalf of the alleged tortfeasor.

Esurance argues that the liability limit of Elliott's insurance qualifies as an "amount available for payment to the insured" and that, as a result, Elliott's vehicle was not underinsured. This Court has not located an Indiana case in which the court directly addressed the question of whether the "amount available for payment to the insured" may be determined exclusively by reference to liability limits, before liability or damages have been established and before the insured has received payment, and Esurance has not cited to one.[1] Accordingly, there are no cases directly on point that dictate the decision on this issue. However, the Supreme Court of Indiana's decisions interpreting the statutory definition of an underinsured motor vehicle compel the conclusion that this determination should not be made by reference to the liability limits of the alleged tortfeasor's liability policy.

First, the phrasing used in the statute indicates that it does not contemplate a limits-to-limits comparison. In *Corr v. Am. Fam. Ins.*, 767 N.E.2d 535, 540 (Ind. 2002), the Supreme Court of Indiana held that the tortfeasor's liability limit was not the appropriate amount to compare with the insured's UIM policy limit for purposes of determining whether the tortfeasor's vehicle was underinsured. The plaintiffs were in a group of multiple claimants and received payment in an amount less than the liability limit on their UIM policy. *Corr*, 767 N.E.2d at 538. However, the tortfeasor's liability limits were not less than the limits on the

---

[1] Esurance does cite a case in which the court concluded that a tortfeasor's vehicle was underinsured by comparing the liability limits of the parties' policies. *State Farm Auto Ins. Co. v. Conway*, 779 F. Supp. 963, 968 (S.D. Ind. 1991). However, the case was not decided by an Indiana state court, and did not cite to an Indiana state court decision, so it does not establish Indiana law on this issue. Moreover, it was decided over twenty years ago without the benefit of recent Supreme Court of Indiana decisions interpreting the UIM statute.

UIM policy. *Id*. As a result, the tortfeasor's vehicle would only be underinsured under Indiana law if the court compared the UIM limits with the amount of the payment that the plaintiffs received, and the dispositive issue was whether the court should compare the UIM policy limits to the tortfeasor's policy limits or to the amount that the plaintiffs recovered. *Id*.

The court's decision was influenced by the fact that the Indiana statute qualifies the tortfeasor's "limits of coverage" with the phrase "available for payment to the insured" rather than directing courts to compare the tortfeasor's limits with the insured's UIM limits. *Id*. at 539.[2] The court concluded that the statute's use of the phrase "available for payment" indicates that it "does not express [a] clear preference for limits-to-limits comparison." *Id*. Instead, the statute's determination of whether a tortfeasor's vehicle is underinsured turns on the meaning of what amounts qualify as being "available for payment." The court then examined the meaning of "available for payment," and concluded that this phrase means "money present or ready for immediate use by the insured, not amounts potentially accessible." *Id*. at 540. It went on to conclude that the tortfeasor's liability limit was not an amount that was "available for payment" under the statute because that amount was "theoretically available"; instead, the appropriate amount for comparison was the payment that the insured had received. *Id*.

In a more recent case, the court further clarified that a limits-to-limits comparison is not the proper approach to determining whether a vehicle is underinsured under Indiana law. In *Lakes v. Grange Mut. Cas. Co.*, the court discussed the statutory definition of an underinsured motor vehicle at length and ultimately held that "whether a vehicle is

---

[2]  The statute defines an underinsured motor vehicle as "an insured vehicle where the limits of coverage *available for payment to the insured* . . . are less than the limits for the insured's underinsured motorist coverage. . . ." Ind. Code § 27-7-5-4(b).

underinsured depends, in all cases, on whether the amount received from the tortfeasor's policy is less than the per-person limits on UIM coverage." 964 N.E.2d 796, 805 (Ind. 2012); *see also Frye v. Auto-Owners Ins. Co.*, No. 3: 12-CV-113, 2015 WL 470399, at *8 (N.D. Ind. Feb. 4, 2015) (quoting *Lakes* as standing for this proposition). The court was presented with the question of whether the definition of an underinsured motor vehicle permitted a limits-to-limits comparison, or whether it required that the UIM policy limit be compared with the amount that the insured actually received. In evaluating this issue, the court explicitly stated that the statute defining an underinsured motor vehicle "does not contemplate a limits-to-limits comparison." *Lakes*, 964 N.E.2d at 804 (citing *Corr*, 767 N.E.2d at 539). Accordingly, the court declined to consider the tortfeasor's liability limits and instead compared the amount of the payment that the plaintiff had received with the limit of her UIM policy and concluded that the tortfeasor's vehicle was underinsured. *Id*.

Based on these decisions from Indiana's highest court, Indiana law does not permit this Court to determine whether Elliott's vehicle was underinsured by conducting a limits-to-limits comparison. In *Lakes*, Indiana's highest court was clear that it is improper to conduct a limits-to-limits comparison in determining whether a vehicle is underinsured under Indiana law, and that this determination can only be made by reference to payments that the insured has received. At this stage of the litigation, Sorrels has yet to prove that Elliott was liable or establish damages, or receive payment from Elliott compensating her for her injuries. As a result, the liability limits on Elliott's insurance policy represent an amount that is "potentially accessible" and "theoretically available." The court was clear in *Corr* that these amounts are not "available for payment" within the meaning of Indiana's definition of an underinsured motor vehicle and cannot be used to evaluate whether a vehicle is underinsured. Likewise,

under the holding in *Lakes*, the determination of whether Elliott's vehicle was underinsured cannot be made unless and until Sorrels has received payment from Elliott, thereby establishing the amount that is "actually available" to her.

Esurance argues that *Corr* and *Lakes* are not controlling because they were decided in multiple claimant cases where the plaintiff's recovery was reduced because other tort victims also recovered on the tortfeasor's policy. While this is a distinction between those cases and the present case, there is no indication that the court intended for the application of its general statements regarding the meaning of the statute to be limited to the specific context presented in those cases. Instead, the court broadly stated that the statute does not contemplate a limits-to-limits comparison and that the appropriate comparison is with payments actually received; it did not include language qualifying those statements or limiting its application to multiple claimant cases. Instead, the *Lakes* court stated that its holding applied "in all cases." Absent qualifying language, it would be inappropriate to conclude that the court's use of general language was intended for any purpose other than to apply generally. This is particularly true in a diversity case such as this one where a federal court is limited to application of the statements made by the state's highest court—this Court cannot speculate that the court intended to limit its holding to the circumstances before it absent a clear indication that this was its intention. Rather, this Court is bound by the plain language of these decisions, and the plain language does not permit a limits-to-limits comparison.

## IV.

Under Indiana law, a vehicle is underinsured if the payments that the insured has received are less than the limits of the insured's UIM policy. This Court cannot determine whether Elliott's vehicle is underinsured unless and until Sorrels receives payment from Elliott

or on his behalf.  Because Sorrels has not received payment, it cannot be determined at this time whether Elliott's vehicle was underinsured.  Accordingly, it is hereby

**ORDERED** that Esurance's renewed motion for summary judgment [Record No. 32] is **DENIED**.

This 7th day of December, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge